UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST <br><br> Plaintiffs, <br><br> v. <br><br> HARRAH'S LAS VEGAS, LLC f/k/a HARRAH'S LAS VEGAS, INC. d/b/a HARRAH'S LAS VEGAS, <br><br> v. <br><br> PARBALL CORP. d/b/a BALLY'S LAS VEGAS, <br><br> v. <br><br> FLAMINGO LAS VEGAS OPERATING COMPANY, LLC f/k/a PARK PLACE ENTERTAINMENT CORP. d/b/a FLAMINGO HILTON LAS VEGAS, <br><br> v. | Case No. 2:13-cv-00040-APG-PAL <br> Case No. 2:13-cv-00042-APG-PAL <br> Case No. 2:13-cv-00043-APG-PAL <br> Case No. 2:13-cv-00046-APG-PAL <br> Case No. 2:13-cv-00047-APG-PAL <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD CAUSE OF ACTION** <br><br> (Dkt. # 15) |

PARIS LAS VEGAS OPERATING
COMPANY, LLC f/k/a
PARBALL CORP. d/b/a
PARIS, LLC

v.

DESERT PALACE, INC. d/b/a
CAESARS PALACE

Defendants.

Defendant Harrah's Las Vegas, LLC f/k/a Harrah's Las Vegas, Inc. d/b/a Harrah's Las Vegas ("Harrah's") has moved to dismiss Plaintiffs' Third Cause of Action, entitled "Misappropriation of Trust Assets." [Dkt. #15.] For the reasons set forth below, the Court grants the motion and dismisses Plaintiffs' Third Cause of Action with prejudice.

I.  **Background**

Taking Plaintiffs' facts as true for the instant motion, the Trust Funds were established by Trust Agreements. The Trust Funds benefit employees represented by Local 720. Defendants are parties to a Collective Bargaining Agreement ("CBA") with Local 720. This CBA incorporates the Trust Agreements by reference. Defendants are obligated to contribute to the Trust Funds on behalf of Defendants' employees who perform work covered by the CBA. Defendants have failed to make the required contributions to the trust funds.

II. **Legal Standards**

A. Motion to Dismiss

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a

complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citations omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663.

**B. Leave to Amend**

Courts should freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15(a)(2). In so determining, courts consider: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Sisseton–Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, North Dakota and South Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks omitted).

**C. ERISA Preemption**

ERISA permits suits for breach of fiduciary duty against ERISA defined fiduciaries. *Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir.1990). Under ERISA, a fiduciary is "anyone who exercises discretionary authority or control respecting the management or administration of an employee benefit plan." *Kyle Rys., Inc. v. Pacific Admin. Serv., Inc.*, 990 F.2d 513, 516 (9th Cir.1993).

ERISA preempts state-law causes of action that offer remedies for violations of rights expressly guaranteed by ERISA and enforced by Section 502(a), 29 U.S.C. § 1132(a). 29 U.S.C. § 1140; *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990). ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employment benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). "In evaluating whether a common law claim has 'reference to' a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004) (citing *California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324–25 (1997)). "Congress intended to preempt 'state laws providing alternate enforcement mechanisms' for employees to obtain ERISA plan benefits." *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 723 (9th Cir. 1997) (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457 (4th Cir.1996)).

**D. LMRA Preemption**

Section 301 of the LMRA preempts state law claims based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) (citing *Beals v. Kiewit Pacific Co., Inc.*, 114 F.3d 892, 894 (9th Cir. 1997)). The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (internal quotation marks omitted).

The Ninth Circuit has suggested that "[w]hen the meaning of particular contract terms is not disputed, ... the fact that a collective bargaining agreement must be consulted for information

will not result in § 301 preemption." *Aguilera*, 223 F.3d at 1014 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123–24 (1994)).[1] Thus, this Court's inquiry in determining preemption is "whether it can merely 'look to' the CBA in order to adjudicate this claim, or whether resolution of the claim requires interpretation of the terms of the CBA." *Lucas v. Bell Trans*, 2011 WL 5877467 (D. Nev. 2011) (unpublished) (Section 301 preempted employees' state-law wage and overtime claims). Examples of circumstances that do not require interpreting a CBA include "'look[ing]' to the CBA merely to discern that none of its terms is reasonably in dispute," "the simple need to refer to bargained-for wage rates in computing [a] penalty," "consult[ing] [a CBA] in the course of state-law litigation," and an "alleg[ation] [of] a hypothetical connection between the claim and the terms of the CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

### III. Analysis

#### A. Whether a Misappropriation Claim Exists

As an initial matter, the parties dispute whether a cause of action exists for "misappropriation of trust assets." Defendants contend that "misappropriation" applies only in intellectual property contexts, and that Plaintiffs fail to allege the elements of misappropriation of intellectual property. [Dkt. # 15 at 10.] Without getting lost in the weeds of whether there exists a cause of action specifically called "misappropriation of trust assets," Plaintiffs' allegations state a plausible claim for relief. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677). The purpose of the pleading standard is to put defendants on notice of a legally cognizable claim being brought against them. *See Twombly*, 550 U.S. at 554. Plaintiffs assert for their Third Cause of Action that Defendants "failed to accurately and timely transmit the monies to the relevant Trusts, which monies have been withheld for the account and benefit of [Defendants]." [Dkt. #1 at 8 ¶ 35.] These allegations are sufficient to

---

[1] However, the Ninth Circuit nevertheless held in *Aguilera* that the plaintiff's "breach of contract and fraud claims are preempted by § 301." *Id.*

make out a legally cognizable claim, whether that claim is called "misappropriation" or, perhaps more appropriately, "conversion." *See Trustees of Nev. Resort Ass'n Intern. Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the U.S. and Canada Local 720 v. Encore Productions, Inc.*, 742 F. Supp. 2d 1132, 1135 (D. Nev. 2010) (same Plaintiffs sufficiently stated a claim in an action for the same conduct against a different defendant). Plaintiffs sufficiently allege that Defendants were obligated under the CBA and Trust Agreements to contribute to the Trust Funds, and that Defendants failed to do so.

### B. Whether Plaintiff's Third Cause of Action is Preempted

Plaintiffs' Third Cause of Action, regardless of what it is called, is preempted by both ERISA and the LMRA.

#### 1. ERISA Preemption

Plaintiffs allege in their Second Cause of Action that Defendants owe contributions pursuant to an employee benefit plan covered by ERISA. [*See* Dkt. #1 at 6–7, ¶¶ 23–33.] Plaintiffs do not dispute that Defendants' obligations derive from an ERISA plan, but instead argue that ERISA should preempt only state laws relating to the administration of the plan, and not to that plan's benefits. Plaintiffs urge that their misappropriation claim "is not at all related to the administration of an employee benefits plan, [and is therefore] not preempted by ERISA." [Dkt. #16 at 6.] However, Plaintiffs' argument is contrary to law. ERISA preempts claims that are dependent on an ERISA plan. *Providence Health Plan*, 385 F.3d at 1172 (citing *Dillingham Constr., N.A., Inc.*, 519 U.S. at 324). Absent the instant employee benefits plan, Defendants would have no obligation to make contributions. Plaintiffs' Third Cause of Action is "nothing more than an alternative theory of recovery for conduct actionable under ERISA" to "recover unpaid contributions to the Funds themselves," and thus ERISA preempts this claim. *Trustees of the Southern Cal. Pipe Trades Health and Welfare Trust Fund v. Temecula Mechanical, Inc.*, 438 F. Supp. 2d 1156, 1170 (C.D. Cal. 2006); *see also, Ariz. State Carpenters Pension Trust Fund*, 125 F.3d at 723.

### 2. LMRA Preemption

Alternatively, Plaintiffs' Third Cause of Action is preempted by Section 301 of the LMRA. Plaintiffs argue that "misappropriation does not depend on the analysis or interpretation of the CBA at issue. Rather, the claim is based on the factual issue of whether Harrah's improperly retained contributions that were owed to the Trust Funds, and would merely require the Court to 'look to,' and not 'interpret,' the CBA." [Dkt. #16 at 7.] Plaintiffs' argument is unconvincing. Section 301 preempts claims based on "state-law rights and obligations that do not exist independently of private agreements." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). As Defendants point out, Plaintiff's Third Cause of Action is "founded directly on rights created by [the] collective bargaining agreement[]." [Dkt. #23 at 7 (citing *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987).] Defendants' obligation to contribute to the Trust Funds was created by the CBA's incorporation of the Trust Agreements, and thus Plaintiffs' Third Cause of Action is merely an alternative claim for breach of the CBA between Plaintiffs and Defendants. *See Paige*, 826 F.2d at 861 ("[T]wo wrongful discharge actions, although artfully pleaded as state torts, were, in fact, claims for breach of the collective bargaining agreement between Kaiser and Local 3, and thus were preempted by section 301 of the LMRA."). The LMRA preempts such claims.

### C. Leave to Amend

Plaintiffs have requested leave to amend in the event that Defendant's Motion to Dismiss is granted. [Dkt. #16 at 7.] However, any possible amendment on these facts would be futile. Futility of amendment can by itself justify the denial of a motion for leave to amend. *See, e.g., Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiffs' allegations in their Third Cause of Action are merely that Defendants failed to make required contributions to the Trust Funds, instead retaining that money for themselves. Any common law cause of action based on these facts would be preempted by ERISA and LMRA for the reasons stated above. Thus, Plaintiffs' Third Cause of Action is dismissed with prejudice and leave to amend is denied.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action is GRANTED. Plaintiffs' Third Cause of Action is DISMISSED with prejudice.

DATED THIS 28th day of May, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE